UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NUA GJOKAJ,

       Plaintiff,                    Civil Case No. 14-14151
                                           Honorable Linda V. Parker

v.

UNITED STATES STEEL CORPORATION,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING OR RECONSIDERATION

     This lawsuit arises from Defendant's termination of Plaintiff, after Plaintiff partially amputated his finger in a work-related accident and then failed to follow directives instructing him to report to the medical department and misrepresented the condition of his finger.  In an Opinion and Order entered August 23, 2016, this Court granted summary judgment to Defendant.  (ECF No. 56.)  In that decision, the Court also addressed Plaintiff's motion to strike certain exhibits Defendant offered in support of its summary judgment motion.  Presently before the Court is Plaintiff's Motion for Rehearing or Reconsideration Pursuant to Eastern District of Michigan Local Rule 7.1(h), filed September 6, 2016. (ECF No. 58.)  With the Court's permission, Defendant filed a response to the motion on September 21, 2016.  (ECF No. 60.)

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff first argues that the Court committed palpable defects when it concluded that Defendant's Exhibit 32 to its summary judgment motion was admissible.  Plaintiff maintains that the Court erred in failing to recognize that the purpose of the "grievance" meeting summarized in Exhibit 32 is to settle (i.e. compromise) a dispute and that, therefore, the document is inadmissible under

Federal Rule of Evidence 408. Plaintiff also argues that the Court erred in finding that the hearsay statements within the document are admissible under the business record exception and as admissions of a party opponent. According to Plaintiff, the Court also erred in finding that Jennifer Hickey, the Manager of Defendant's Labor Relations Department, could lay the proper foundation for the document's admissibility.

Plaintiff merely restates the arguments made in support of his motion to strike Exhibit 32. The Court considered and rejected those arguments in finding the exhibit admissible. For the reasons previously stated in the August 23, 2016 decision, the Court continues to find that the exhibit does not reflect an offer to compromise and does not contain inadmissible hearsay.

Plaintiff next contends "[t]he Court committed palpable error in accepting the facts proffered by the Defendant without recognizing a factual dispute." (Pl.'s Mot. at 8, ECF No. 58 at Pg ID 1645.) Plaintiff misconstrues what the Court did in its decision when summarizing the facts. While the Court may have stated what Defendant's evidence showed, it expressly pointed out where that evidence was disputed or contradicted by Plaintiff's evidence. The Court did not accept Defendant's proffered facts as true where that evidence was disputed by Plaintiff's evidence. This is evident in the sections of the Court's opinion analyzing Plaintiff's claims.

Plaintiff also argues the Court's decision contains a palpable error to the extent the Court concluded Plaintiff was not eligible for FMLA protections because he was not incapacitated for three consecutive days. Again, the arguments Plaintiff raises here are the same arguments he raised in response to Defendant's summary judgment motion. For the reasons already stated, the Court rejects those arguments and continues to find that "Plaintiff's health condition was not the reason he did not return to work. Rather it was because of his suspensions and subsequent termination that Plaintiff was unable to return to work … after his injury." (*See* Op. & Order at 28, ECF No. 56 at Pg ID 1629.)

Lastly, Plaintiff contends the Court erred in failing to recognize his right to ignore Defendant's orders to report to its medical department and seek treatment from his own doctor. Plaintiff maintains that Defendant's orders were unreasonable. Plaintiff made the same argument in response to Defendant's summary judgment motion and cited the same case in support of his argument: *Cuddington v. United Health Services, Inc.*, 826 N.W.2d 519 (Mich. Ct. App. 2012). The Court already rejected Plaintiff's argument and found *Cuddington* distinguishable.

In short, Plaintiff fails to demonstrate a palpable defect in this Court's August 23, 2016 decision, much less a defect the correction of which results in a different disposition of the case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for rehearing or reconsideration (ECF No. 58) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager